IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL SALDIVAR-MURILLO, | : | CIVIL NO. 1:CV-11-0892 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| BRIAN A. BLEDSOE, | : | |
| Respondent | : | |

**M E M O R A N D U M**

**I.    Background**

Raul Saldivar-Murillo, an inmate confined at the United States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  He proceeds in forma pauperis in this matter.  Petitioner seeks credit against his federal sentence for the time he spent in federal prison under a writ of habeas corpus ad prosequendum, from April 7, 2006 through September 19, 2006.  Service of the petition was directed on May 16, 2011 (Doc. No. 4).  Following a short enlargement of time, a response to the habeas corpus petition was filed on June 8, 2011.  (Doc. No. 8.)  For the reasons that follow, the petition will be dismissed without prejudice due to Saldivar-Murillo's failure to exhaust the Federal Bureau of Prisons' ("BOP") administrative review process.

**II.    Discussion**

In answering the petition, the first argument raised by Respondent is that Saldivar-Murillo has failed to exhaust his required administrative remedies.  In support of this argument Respondent attaches the declaration of Henry Davis, employed by the BOP as a Management Analyst at the Designation and Sentence Computation Center.  (Doc. No. 8-1, Davis Declar. at ¶1.)  Davis states that the BOP has a three-level administrative remedy process whereby an

inmate may seek formal review of a complaint related to any aspect of his imprisonment.  This process dictates that in order to exhaust a claim that is not informally resolved, an inmate may file a request for administrative relief (BP-9) to the Warden of the institution where he is confined.  In the event the inmate is dissatisfied with the Warden's response, he may file an appeal (BP-10) to the Regional Director for the region where the inmate is currently located.  The inmate may further appeal an adverse decision to the BOP Central Office.  See 28 C.F.R. § 542.15.  No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the BOP's Central Office.  (Doc. No. 8-1, Davis Declar. at ¶ 12.)

In reviewing the BOP records, Saldivar-Murillo's administrative remedy filing history reveals that he has filed four (4) requests for administrative remedies since he has been incarcerated in the BOP.  Two (2) of these requests concern the issue of his sentence calculation.  On April 21, 2011, Saldivar-Murillo filed REM ID 636131-F1 concerning his request for "missing jail credit/should have release."  This remedy was denied on April 27, 2011.  (Id. at ¶ 14.)  On May 11, 2011, Saldivar-Murillo filed the instant petition for writ of habeas corpus.  (Id. at ¶ 15.)  On May 16, 2011, he filed an appeal from the warden's denial (REM ID 636131-R1) at the Regional Office level.  The response to this appeal is not due until June 15, 2011.

Respondent seeks the dismissal of the petition because Saldivar-Murillo has failed to fully exhaust available avenues through the administrative review process prior to filing his action.  Although Section 2241 does not contain a statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required an inmate to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus.  Moscato v. Fed. Bureau

of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)(citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(per curiam)); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

     In the instant case, the BOP records demonstrate that Saldivar-Murillo is currently in the process of exhausting his claim. He did file an administrative remedy with the Warden raising the issue in the instant habeas petition that was subsequently rejected. However, prior to completing the exhaustion process, he filed his habeas petition in this Court. Thereafter, he did pursue an appeal of his administrative remedy to the Regional level, and is awaiting a response that is not even due until June 15, 2011. Based on the foregoing, the instant petition is subject to dismissal on the basis that Saldivar-Murillo has failed to exhaust administrative remedies prior to the initiation of this action. Any claim by Saldivar-Murillo that exhaustion is futile in this case is clearly without merit in that he is currently involved in the exhaustion process, and awaiting a response from the Regional level. Thereafter, he must then appeal to the Central Office before the required exhaustion is complete. For these reasons, the petition will be dismissed for failure to exhaust available administrative remedies. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAUL SALDIVAR-MURILLO,** : | | **CIVIL NO. 1:CV-11-0892** |
| Petitioner, : | | |
| : | | (**Chief Judge Kane**) |
| v. : | | |
| : | | |
| **BRIAN A. BLEDSOE,** : | | |
| Respondent : | | |

## O R D E R

**AND NOW,** this 9th day of June, 2011, upon consideration of the petition for writ of habeas corpus under 28 U.S.C. § 2241, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed** due to Petitioner's failure to exhaust the administrative review process.

2. The Clerk of Court is directed to **close this case**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania