IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL SALDIVAR-MURILLO, | : | CIVIL NO. 1:CV-11-0892 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| BRIAN A. BLEDSOE, | : | |
| Respondent | : | |

**M E M O R A N D U M**

**I.    Background**

Raul Saldivar-Murillo, currently an inmate at the United States Penitentiary at Allenwood, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 11, 2011.  (Doc. No. 1.)  In the petition he seeks credit against his federal sentence for the time he spent in federal prison under a writ of habeas corpus ad prosequendum, from April 7, 2006 through September 19, 2006.  Following service of the petition and the filing of a response thereto, the court dismissed the petition without prejudice on June 10, 2011, due to Saldivar-Murillo's failure to exhaust the Federal Bureau of Prisons' ("BOP") administrative review process.  (Doc. No. 9.)  As of the time the response to the petition was filed, the record revealed that Saldivar-Murillo had filed four (4) requests for administrative remedies while incarcerated in the BOP, and that two (2) of these requests addressed the issue of his sentence calculation.  On April 21, 2011, Saldivar-Murillo filed REM ID 636131-F1 concerning his request for "missing jail credit/should have release."  This remedy was denied on April 27, 2011.  On May 11, 2011, Saldivar-Murillo filed the instant petition for writ of habeas corpus.  On May 16, 2011, he filed an appeal from the warden's denial (REM ID 636131-R1) at the Regional Office level.  The response to this appeal was not due until June 15, 2011.

Based upon the foregoing, Respondent sought the dismissal of the petition because Saldivar-Murillo had failed to fully exhaust available avenues through the administrative review process prior to filing his action. Although Section 2241 does not contain a statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required an inmate to exhaust his administrative remedies pursuant to 28 C.F.R. § 542.10 et seq. prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)(citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(per curiam)); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). The BOP records revealed that Saldivar-Murillo was currently in the process of exhausting his claim. He did file an administrative remedy with the Warden raising the issue in the instant habeas petition that was subsequently rejected. However, prior to completing the exhaustion process, he filed the instant habeas petition in this Court. Thereafter, he did pursue an appeal of his administrative remedy to the Regional level, and at the time of the filing of the response to his petition, was awaiting a response that was not even due until June 15, 2011. Based on the foregoing, the Court dismissed the instant petition on the basis that Saldivar-Murillo had failed to exhaust administrative remedies prior to the initiation of this action. The Court further found that any claim by Saldivar-Murillo that exhaustion was futile in this case was clearly without merit in that he currently was involved in the exhaustion process, and awaiting a response from the Regional level. Thereafter, he must then appeal to the Central Office before the required exhaustion could be considered to be complete.

Presently pending is Salvidar-Murillo's motion seeking reconsideration of the Court's dismissal of his petition. (Doc. No. 12.) In the motion he admits that he did file a BP-8 and a

BP-9, which were both denied. He goes on to state that his BP-10 (appeal to the Central Office) was "close granted" on June 4, 2011, but that he has not yet been released. For the reasons that follow, his motion for reconsideration will be denied.

## II.     Discussion

In the Court's Memorandum of June 10, 2011, the relevant legal precedent pertaining to the exhaustion requirement was thoroughly set forth and, as such, will not be repeated herein. In fact, Salvidar-Murillo does not challenge the fact that he is required to exhaust his claim prior to bringing it in this Court. Rather, he clearly admits that he was in the midst of utilizing the process at the time he filed his petition. It is evident that a response to his BP-9 was not even due by the BOP at the time the response to the pending petition was filed. The BP-9 was denied following the filing of the response. It is also evident that Saldivar-Murillo thereafter did file a BP-10 with the Central Office which clearly appears to have occurred after the dismissal of the instant petition. There is no question that the petition was unexhausted at the time it was filed, and that the Central Office did not render a decision on his appeal until after the petition was dismissed. (Doc. No. 12 at ¶ 8.) Although Saldivar-Murillo now appears to argue that his petition should be reinstated because the Central Office granted him relief, but has not yet released him, this issue must be pursued in a new habeas corpus petition. For these reasons, the pending motion for reconsideration will be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAUL SALDIVAR-MURILLO,** | : | CIVIL NO. 1:CV-11-0892 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **BRIAN A. BLEDSOE,** | : | |
| Respondent | : | |

## O R D E R

**AND NOW,** this 19th day of January, 2012, upon consideration of Petitioner's motion for reconsideration (Doc. No. 12), it is hereby **ORDERED** that the motion is **denied**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania